### NOTE.

At the same time with the foregoing case was decided another, as to its chief point, like it; an appeal from the Circuit Court for the Northern District of Georgia. It was the case of

### DEAN *v.* YOUNELL'S ADMINISTRATOR.

A bill had been filed below to set aside a deed of land for fraud and inadequate consideration. The allegations of fraud were founded wholly upon the circumstance, that the land was sold for Confederate notes. The bill set up also a lien in favor of the vendor of the complainant. The vendor, whose lien was set up, was not made a party, nor was there any allegation of notice to the grantor of the complainant of the alleged lien for purchase-money; nor was there any averment that the complainant was induced to take the Confederate notes by fraudu-

lent misrepresentations of the decedent. A demurrer was interposed in the court below (Erskine, J., presiding), and being sustained, the bill was dismissed.

The CHIEF JUSTICE delivered the opinion of this court, to the effect, that the vendor whose lien was set up not having been made a party, and there not being any allegations of notice to the grantor of the complainant, of the alleged lien for purchase-money, no ground of relief was shown by the bill as to this lien.

And that upon the principles of *Thorington* v. *Smith,* just preceding, the fact that the land was sold for Confederate notes, did not, in the absence of all averment that the complainant was induced to take them by fraudulent misrepresentations of the decedent, afford ground for the interposition of a court of equity. The decree was accordingly  AFFIRMED.